# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC S. PAVLACK, on behalf of himself and all others similarly situated, | CASE NO. 1:17-cv-2935 |
| Plaintiff, | CLASS ACTION |
| v. | |
| ROYAL ADMINISTRATION SERVICES, INC., | JURY DEMANDED |
| Defendant. | |

## CLASS ACTION COMPLAINT

1. Plaintiff and proposed Class Representative, Eric Pavlack, by counsel, on behalf of himself and all others similarly-situated, brings this proposed class action against Defendant Royal Administration Services, Inc. ("Royal Admin") to recover damages and to obtain injunctive relief for the claims identified in full below.

2. As set forth in more detail below, Royal Admin used automatic telephone dialing systems to initiate calls to wireless cellular telephone lines of Plaintiff and Class members using an artificial and/or prerecorded voice to deliver a message without prior express consent of the called party in violation of the Telephone Consumer Protection Act, codified at 47 U.S.C. § 227 (the "TCPA").

3. Plaintiff brings this case as a proposed class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class, defined more fully below,

who received calls to their wireless cellular telephone lines in violation of the TCPA, seeking monetary and injunctive relief.

## PARTIES

4. Plaintiff Eric Pavlack is a citizen and resident of the State of Indiana, residing in Indianapolis, Indiana.

5. Defendant Royal Admin Cruises, LLC, is a Florida Corporation that regularly transacts business in the State of Indiana. Royal Admin initiated the subject telemarketing call to the cellular telephone number of an Indiana resident, calling an Indianapolis area code.

## JURISDICTION & VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5 million, exclusive of interests and costs, and this is a class action in which class members are citizens of different states.

7. This Court also has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case seeks redress for violation of federal law.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) & (c) because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claims herein occurred within this district, including Royal Admin's violations of the TCPA.

9. Defendant resides in this district for purposes of 28 U.S.C. § 1391 because they are subject to general personal jurisdiction in this district. Defendant has continuous and systematic contacts with Indiana, including this district, through selling and marketing its services in Indiana, to Indiana residents, including residents of this district. Defendant is also subject to specific personal jurisdiction in this district because its contacts with this district gave rise to the instant action.

10. Venue is also proper in this court because Plaintiff is a citizen of Indiana who resides in this district.

## FACTUAL ALLEGATIONS

11. On July 24, 2017, Plaintiff received a telephone call to his cellular phone from phone number (832) 240-3940.

12. When Plaintiff picked up the call, an automated voice advertised the availability of an extended vehicle warranty.

13. Plaintiff was then connected to a live person who identified themself as working for Royal Admin.

14. Prior to this call, Plaintiff had never heard of Royal Admin, had never done business with Royal Admin, and had never given written or oral permission to receive automated pre-recorded marketing calls from Royal Admin.

15. Under the TCPA, the term telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

16. The call from Royal Admin fits squarely within this definition, as the purpose of the call from Royal Admin was to encourage the purchase of goods or services.

17. Any purported consent received by Royal Admin or its agents did not conform to requirements of the TCPA or the *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 27 FCC Rcd 1830 (2012) and *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, FCC 15-72, 30 F.C.C.R. 7961, 7996 (July 10, 2015), or otherwise satisfy any prior express requirements applicable under the TCPA.

## CLASS ACTION ALLEGATIONS

18. Plaintiff bring this case pursuant to Rules 23(b)(3) of the Federal Rules of Civil Procedure on their own behalf and on behalf of the proposed Class, defined as:

> All persons within the United States who, within four years prior to the filing of this action received any telephone call from Defendant or its agents to either: (1) a cellular telephone subscribed to by said person, or (2) a cellular telephone for which said person is the number's customary user, where the call from Defendant was made through the use an artificial or prerecorded voice, which call was not made for emergency purposes.

19. Defendant and its employees and agents are excluded from the Class.

20. The Class is comprised of hundreds or likely thousands of individuals. Although the exact number of class members is presently unknown, the number

and identity of Class members can be readily determined through Royal Admin's records.

21. The disposition of the numerous claims of these class members in a single class action will provide substantial benefits to all parties and to the Court.

22. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

23. There is a well-defined community of interest in the questions of law and fact involved affecting the class members. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include without limitation the following:

    A. Whether Royal Admin used an artificial or prerecorded voice in placing calls.

    B. Whether Royal Admin received consent from Plaintiff and Class members prior to placing calls to the cellular telephones of Plaintiff and Class members.

    C. Whether any purported consent received by Royal Admin complied with the requirements set forth by the Federal Communications Commission and/or the TCPA.

    D. Whether Royal Admin acted willfully and/or knowingly in violation of the TCPA.

24. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members have similarly received calls from Royal Admin to cellular telephones owned by Plaintiff and Class members, and Plaintiff and Class members suffered the same harm arising from Royal Admin's legal violations as identified in causes of action enumerated and set forth below.

25. Plaintiff's and Class members' claims flow, in each instance, from a common nucleus of operative facts: Royal Admin's legal violations as identified in causes of action enumerated and set forth below.

26. Plaintiff is an adequate representative of the Class because his interests do not conflict with and are not antagonistic to the interests of the Class members he seeks to represent. Plaintiff will fairly and adequately represent and protect the interests of the Class.

27. Plaintiff has retained competent and experienced counsel.

28. Plaintiff and Class members have all suffered and will continue to suffer substantial harm and damages due to Royal Admin's conduct. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy. Absent a class action, most Class members likely will find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at all. Absent a class action, class members will continue to sustain damages, and Royal Admin's misconduct will proceed without remedy.

29. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves

the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Additionally, Royal Admin has acted, and failed to act, on grounds generally applicable to Plaintiff and the Class, requiring court imposition of uniform relief to insure compatible standards of conduct toward Plaintiff and the Class.

## CAUSES OF ACTION

30. All facts alleged above, as well as all facts alleged in each individual count, are incorporated by reference as though set forth in each individual count. Unless otherwise specified, no fact is to be read as though applying solely to an isolated section of this Complaint.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

31. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

32. As a result of the negligent violations of 47 U.S.C. § 227 by Defendant and its agents, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting Defendant's, and its agents', violation of the TCPA in the future.

34. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

35. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

36. As a result of Defendant's, and its agents', knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

37. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant and its agents in the future.

38. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests an order certifying this matter as a class action with Plaintiff as class representative and his counsel as class counsel; and entry of a judgment in favor of Plaintiff, including an award of all available common-law and statutory damages, pre- and post-judgment interest, injunctive relief, punitive damages, attorneys' fees, costs, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all of their claims.

> *s/ G. John Cento*
> G. John Cento
> Cento Law, LLC
> 334 N. Senate Avenue
> Indianapolis, Indiana 46204
> (317) 908-0678
> cento@centolaw.com
> **COUNSEL FOR PLAINTIFF &**
> **PROPOSED PLAINTIFF CLASS**