UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC S. PAVLACK, on behalf of himself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>ROYAL ADMINISTRATION SERVICES, INC.,<br><br>　　　Defendant. | CASE NO. 1:17-cv-2935-WTL-MJD<br><br>CLASS ACTION |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On November 29, 2017, the Court issued an Order to Show Cause [ECF No. 5] because Plaintiff has not filed a proof of service within ninety days of filing the complaint.

Plaintiff acknowledges his failure to timely file a proof service. Plaintiff respectfully informs the Court that, due to an internal miscommunication, the Plaintiff has not yet served the summons and complaint upon the Defendant. Plaintiff did not realize this oversight until receiving the Court's Order.

Pursuant to F.R.C.P. 4(m), the Court must extend the time for service of process if the Plaintiff shows good cause for non-compliance. *Panara v. Liquid Carbonid Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Plaintiff's internal

miscommunication, while an honest error, likely does not constitute "good cause," and counsel will not attempt to persuade the Court otherwise.

However, even when

> good cause **does not** exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time. *Id.* (citing Rule 4(m); see *Henderson v. United States,* 134 L. Ed. 2d 880, 116 S. Ct. 1638, 1643 (1996) (the Court recognized that in the 1993 amendments to the rules, courts have been accorded discretion to enlarge the 120-day period "even if there is no good cause shown" (citing Advisory Committee Note to Rule 4))). Thus, absent a showing of good cause, a district court must still consider whether a permissive extension of time is warranted. *Espinoza,* 52 F. 3d at 841.

*Id.* (emphasis added).

Plaintiff respectfully requests that the Court grant a 30-day permissive extension of time for Plaintiff to effectuate service and to provide the Court with proof of the same.

*s/ G. John Cento*
G. John Cento
Cento Law, LLC
5915 N. College Avenue
Indianapolis, Indiana 46220
(317) 908-0678
cento@centolaw.com
**COUNSEL FOR PLAINTIFF &
PROPOSED PLAINTIFF CLASS**

**Certificate of Service**

      I hereby certify that on December 6, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      *s/ G. John Cento*